UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

JEANNINE CAMPBELL WASHINGTON,

                Plaintiff,

          v.

PETER GRAY, ESQ., JOSEPH LEDWIDGE, ESQ.,
MARGO T. MURRAY, HONORABLE DIANA
JOHNSON, HONORABLE DAVID VAUGHN,
HONORABLE TERRENCE MCELRATH,
HONORABLE HARRIET THOMPSON,
JOHNATHON SAAT c/o NYC SHERRIFS
DEPARTMENT, MYJ PARTNERS LLC, SRG-
REM LLC, PONCE DE LEON BANK FEDERAL
BANK, CHASE PRIVATE BANK, BANK OF
NEW YORK MELLON CORPORATION, NYC
BUREAU OF HIGHWAYS, GAMAL HASAN,
PAULA MARILYN FERNANDEZ, MURRAY
SURETY BONDS, FIDELITY DEOSIT OF
MARYLAND, WESTERN SURETY COMPANY,
SALVOY SA, RIDGE COUNTY ABSTRACT,
INC., PHILLIP WORBEL, RICHARD
BERNSTEIN, PARK PLACE ENTERPRISES,
LLC, DAVID LUBIN, ESQ., HELFNER, HELFER,
KARDISH, LLP, MICHEAL HELFNER,
STEPHEN CHEPIGA,  FRANK SEDDIO,
MIRIAM SUNSHINE, PAUL T. BLUFAT,
WESTERN SURETY BONDING COMPANY,
AMBROISE LAFLUER, DAVID PHILLIPS, 129
PUTNAM LLC, TONINO TERRANOVA,
BURGER KING CORP., CHURCH OF GOD
CHURCH AVENUE, CONRAD MURRAY, AJ
SHOPS LLC, BLOCK 21 CENTURY REAL
ESTATE, NYS DEPARTMENT OF TAX AND
FINANCE, CONSOLIDATED EDISON CO. OF
NEW YORK, INC., MICHELL E. STACO,
PRINCE YEHUDAH, GARY H. ROSE c/o US
MARSHALL SERVICE, CIVILIAN COMPLAINT
REVIEW BOARD, NYC BUILDING
DEPARTMENT, NYC FINANCE DEPARTMENT,
NYC DEPARTMENT OF FINANCE-PARKING

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
15-CV-7197 (MKB)

VIOLATIONS and NYC DEPARTMENT OF
TAXATION,

                        Defendants.

--------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On December 15, 2015, Plaintiff Jeannine Campbell Washington, appearing *pro se*,
commenced the above-captioned action against fifty-one Defendants, including state court
judges, attorneys, banks, agencies for the City of New York, private individuals and companies.
(Compl., Docket Entry No. 1.) Plaintiff states that she asserts her claims pursuant to forty-eight
statutes in the United States Code. (Id. ¶ 2.) On January 14, 2016, Plaintiff requested that
counsel be appointed for her.[1] (Docket Entry No. 5.) The Court grants Plaintiff's request to
proceed *in forma pauperis* solely for the purpose of this Order. The Court denies Plaintiff's
request for counsel. For the reasons discussed below, the court dismisses the Complaint.

I. **Background**

Plaintiff's claims appear to concern the ownership of real property at 633 Remsen
Avenue, Brooklyn, NY (the "Property"). Plaintiff refers to the estate of her late grandfather,
James Defreitas, and requests that the Court review cases related to the Property filed in
Surrogate's Court, Housing Court, Supreme Court and Family Court that appear to determine
ownership of the Property and the sale of the Property at a tax lien auction. (Compl. ¶¶ 3–4.) In
a general manner, Plaintiff alleges that these courts have not complied with "procedural law and
process of summons," that "illegal transfers and conversions . . . took place to officers of the

---

[1] Plaintiff also notified the Court that she was being detained at the Rose M. Singer
Center on Rikers Island and requested an order to produce her in federal court. (Docket Entry
No. 5.) Plaintiff has since notified the Court that she is no longer incarcerated and, on May 3,
2016, the Court deemed this request moot.

court," and that other unspecified fraud has occurred. (*Id.* ¶ 3.)

Plaintiff requests that the Court vacate "all previous orders by Supreme Court and [Surrogate's] Court" and "dismiss all motions before Family Court." (*Id.* ¶ 4.) She seeks "full payment" of a lien apparently associated with the Property, "plus interest and penalties after default." (*Id.*) Plaintiff also seeks "full prosecution and imprisonment for all [D]efendants of crimes against the government" and the recovery of "[a]ll personal property and assets of any and all [D]efendants found guilty."[2] (*Id.*)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court

---

[2] Plaintiff attaches to the Complaint a letter sent to other individuals and agencies that makes similar claims. (Letter dated Dec. 15, 2015, annexed to Compl. as Unmarked Ex.)

determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). In addition, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

**b.** ***Rooker–Feldman* doctrine**

Plaintiff seeks to vacate decisions entered by various state courts — apparently Supreme Court, Surrogate's Court and Family Court decisions related to the Property and the estate of Plaintiff's grandfather. However, under the *Rooker–Feldman* doctrine, federal courts generally lack subject matter jurisdiction over claims that seek review of adverse state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) ("[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings."); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923) (holding that "no court of the United States other than [the Supreme Court] could entertain a proceeding to reverse or modify [a state court's] judgment for errors"); *see also Teichmann v. New York*, 769 F.3d 821, 826 (2d Cir. 2014) (denying relief "[t]o the extent that [the plaintiff] only seeks a declaration that his state conviction is invalid, [because the plaintiff] seeks nothing more than review of a state court judgment"); *Galtieri v. Kelly*, 441 F. Supp. 2d 447, 453 (E.D.N.Y. 2006) ("[F]ederal district courts lack jurisdiction over suits that are, in substance, appeals from

state-court judgments." (quoting *Hoblock v. Albany Cty. Bd. of Elections*, 422 F.3d 77, 84 (2d Cir. 2005))).

Specifically, the *Rooker–Feldman* doctrine deprives a federal court of jurisdiction to consider a plaintiff's claim when that plaintiff is "complaining of injuries caused by state-court judgments rendered prior to the commencement of district court proceedings and inviting district court review of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also McKithen v. Brown*, 626 F.3d 143, 154–55 (2d Cir. 2010) (explaining the rule in *Exxon* and rejecting an as-applied challenge to New York state law that invited review of New York state court judgment). The underlying theory justifying this doctrine is "the principle, expressed by Congress in 28 U.S.C. § 1257, that within the federal judicial system, only the Supreme Court may review state-court decisions." *Hoblock*, 422 F.3d at 85; *see also Williams v. 2720 Realty Co.*, No. 12-CV-6408, 2013 WL 55685, at *2 (E.D.N.Y. Jan. 3, 2013) ("[O]nly the United States Supreme Court is vested with jurisdiction over appeals from final state court judgments."). Under the *Rooker–Feldman* doctrine, federal courts must abstain from considering claims when the following four requirements are met:

> (1) the plaintiff lost in state court, (2) the plaintiff complains of injuries caused by the state court judgment, (3) the plaintiff invites district court review of that judgment, and (4) the state court judgment was entered before the plaintiff's federal suit commenced.

*McKithen*, 626 F.3d at 154. The first and fourth requirements are considered to be procedural requirements, whereas the second and third are seen as substantive requirements. *Morrison v. City of New York*, 591 F.3d 109, 112 (2d Cir. 2010).

It appears from the vague allegations in the Complaint that the procedural requirements are met here. Plaintiff challenges the decisions of the Supreme Court, Surrogate's Court and Family Court, and she states that the Property has since been "auction[ed] . . . off in [a] tax lien

sale," implying both that she has lost claims to the Property and that court proceedings involving the Property or the distribution of her grandfather's estate have concluded. (Compl. ¶ 3.) The substantive requirements are also met, as Plaintiff alleges that various courts, judges, and court staff have failed to comply with procedural laws, refused to demand production of records from unspecified banks, and committed fraud, which Plaintiff appears to allege resulted in her being defrauded out of her legitimate claim to the Property. (*See id.*) Plaintiff expressly requests that the Court vacate unspecified orders entered by these courts. (*Id.* at ¶ 4.) Because of the nature of Plaintiff's claims, the *Rooker–Feldman* doctrine precludes the Court's exercise of jurisdiction over these claims. The Complaint is therefore dismissed for lack of subject matter jurisdiction.[3]

---

[3] The Court notes that even if it was not deprived of jurisdiction over this matter based on the *Rooker–Feldman* doctrine, the Complaint would still fail against the various named judges based on judicial immunity. *See Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) ("It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions. . . . [E]ven allegations of bad faith or malice cannot overcome judicial immunity."); *see also Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) ("[J]udicial immunity is an immunity from suit, not just from the ultimate assessment of damages." (citation omitted)); *Butz v. Economou*, 438 U.S. 478, 514 (1978) (holding that persons "performing adjudicatory functions within a federal agency are entitled to absolute immunity from damages liability for their judicial acts"). Plaintiff's claims against state court judges in their official capacity also fail based on the Eleventh Amendment sovereign immunity, which bars federal court action against a state, its agencies or state agents absent a waiver of immunity or congressional legislation specifically overriding immunity. *See Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citation omitted)); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984) (same); *Mamot v. Board of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) ("The Eleventh Amendment bars such a federal [civil rights] action against a state or its agencies absent a waiver of immunity or congressional legislation specifically overriding immunity. It is well-established that New York has not consented to [such] suits in federal court . . . ." (citations omitted)).

### c. No right to criminal prosecutions

Plaintiff appears to seek the criminal prosecution of all Defendants "for crimes against the government." (*Id.*) A private citizen does not have a constitutional right to initiate or compel the initiation of criminal proceedings against another individual. *See Leeke v. Timmerman*, 454 U.S. 83, 86 (1981) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973)); *Ostrowski v. Mehltretter*, 20 F.App'x. 87, 91 (2d Cir. 2001); *Yashaahla v. M.H.A.N.Y*, No. 05-CV-4963, 2006 WL 845586, at *1 (E.D.N.Y. Mar. 29, 2006) ("Criminal prosecutions are within the exclusive province of the public prosecutor who has complete discretion over the decision to initiate, continue or cease prosecution." (citations omitted)). Therefore, any claims seeking to initiate criminal prosecutions are dismissed.

### d. Rule 8

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "statement should be plain because the principal function of pleadings under the Federal Rules of Civil Procedure is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted); *see also Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) (holding that a complaint "easily satisfies" Rule 8 because it gave "fair notice" of the claims and "the grounds upon which they rest"); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial" (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))). "[T]he pleading standard Rule 8 announces does not require detailed

factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).

The Complaint fails to give the fifty-one Defendants notice of Plaintiff's claims and fails to allege facts against each individual and each company or corporation named as a Defendant. Plaintiff's statement of facts lists allegations against "defendants" generally, but fails to distinguish Defendants' conduct or allege facts against any individual Defendants. *See, e.g., Atuahene v. City of Hartford*, 10 F. App'x 33 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy this minimum standard, even after the district court graciously accorded him several opportunities to correct its manifest flaws."). Moreover, the Complaint fails to include factual allegations stating how Defendants violated any of the federal statutes cited by Plaintiff. (*See* Compl. ¶ 2 (listing nearly fifty sections of the United States Code).)

**e.  Leave to amend**

To the extent that Plaintiff seeks to pursue claims that do not challenge determinations made by state courts, Plaintiff is granted thirty (30) days' leave to file an amended complaint in accordance with this Memorandum and Order. Any amended complaint must contain a brief factual description of each claim asserted. For each defendant named in the caption of the amended complaint, Plaintiff must include a brief description of what that defendant did or failed to do, and how that act or omission caused Plaintiff's injury. Plaintiff may not rely on legal conclusions and must allege clear and concise facts to support each of her claims. *See* Fed. R. Civ. P. 8(a). The facts relevant to each claim should be alleged in chronological order by date. Each event should be described in a separate numbered paragraph and Plaintiff should provide the dates and locations of all relevant events. The amended complaint must be captioned

"Amended Complaint" and bear the same docket number as this Memorandum and Order.

## III. Conclusion

For the reasons discussed above, the Complaint is dismissed in its entirety, without prejudice, for lack of subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine. Fed. R. Civ. 12(h)(3). Plaintiff is granted 30 days to file an amended complaint consistent with the Court's ruling in this Memorandum and Order. Because the Complaint is dismissed, the Court denies Plaintiff's request to appoint counsel to represent her. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED:

_____s/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: May 5, 2016
      Brooklyn, New York